IN THE UNITED STATE STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARC MOSHER,                           :
         Plaintiff                 :
                                  :
    v.                                  :
                                    :
BRETT REVINGTON, as an                 :
individual and in his position as       :
Standardbred Bureau Director of the     :
Pennsylvania Horse Racing Commission,   :
                                    :
         Defendant

1:17-CV-471

FILED
HARRISBURG, PA
MAR 1 7 2017

## COMPLAINT

Plaintiff  Marc Mosher ("Mosher")  through his attorney, Alan Pincus, avers as follows:

## PRELIMINARY STATEMENT

1. This is an action brought under 42 U.S.C. Sec. 1983 arising from Defendant's actions which were taken under color of law.  These actions have deprived Mosher and continue to deprive him of his Constitutionally protected property interests including his right to utilize his license as a standardbred  trainer, driver and worker.  This license was issued to Mosher without any limitations by the Pennsylvania Horse  Racing Commission ("Commission").  The license allows him to pursue his chosen profession of training and racing standardbred race horses and doing other work at the track.  In addition, Defendant's actions have deprived Plaintiff of Constitutionally protected liberty rights including damaging his reputation as a horse trainer and driver.  Defendant's actions were taken without due process of law in violation of the 14th Amendment of the United States Constitution.

2.  Plaintiff requests, among other things, a declaration pursuant to 28 U.S.C. Sec. 2201, et seq., that Defendant is prohibited from  preventing Plaintiff  from participating at Meadows Race Track ("Meadows")  without the due process Plaintiff is entitled to under section 9326 of the Racing Act (3 Pa CS 9326) and reaffirmed under Section 2826 D .of PA Administrative Code   1929 -  Act of February 23, 2016 P L 15 No. 7 (commonly known as Act 7).

3.  Plaintiff requests, among other things, a declaration that the hearing system used under section 9326 of the Racing Act (3 Pa CS 9326) is unconstitutional as written and applied.

## JURISDICTION

4.  This court has jurisdiction over this matter under 42 U.S.C. Sec 1983. in that Plaintiff alleges violation of his 14th Amendment rights by Defendant acting under color of law.

5.  Venue is proper in this district as many of the acts or omissions involved in this case occurred in Dauphin County, Pennsylvania where the offices of the Pennsylvania Horse Racing Commission are located.

## THE PARTIES

6.  Plaintiff  Marc Mosher  is an individual and a resident of Pennsylvania who makes his living primarily as a licensed trainer, driver and worker of standardbred race horses.

7. Defendant Brett Revington ("Revington") is an individual who serves as Standardbred Bureau Director of the Pennsylvania Horse Racing Commission. He has offices at 2301 North Cameron St., Harrisburg, PA 17110. Revington presides over all aspects of the everyday work of the Commission. His duties include issuing rulings on a supersedeas and the administrative function of seeing that hearings are scheduled by the Commission.

## THE FACTS

8. Mosher is licensed and in good standing with the Commission as a trainer, driver and worker.

9. An applicant for a racing license in Pennsylvania must not only demonstrate ability but also integrity to receive and retain his license. Mosher had some problems in the past but was given a second chance by the Commission five years ago. In the last five years Mosher consistently demonstrated his ability and integrity. Pennsylvania would not issue a license to an individual whose presence would be detrimental to the best interests of racing.

10. On January 20, 2017 Mosher was ejected by the Meadows. (copy attached as Exhibit 1)

11. On January 21, 2017 Mosher filed an appeal to the Commission and Revington requesting a hearing on the ejection and a supersedeas   (Copy attached as Exhibit 2)

12. On January 25, 2017 Revington issued Commission Ruling 17008C granting Mosher a hearing but denying a supersedeas. (Copy attached as Exhibit 3).

13. Mosher's horse owners wish to race their horses in Pennsylvania. There are three standardbred tracks in Pennsylvania, Meadows, Harrah's Philadelphia and Pocono

Downs.  Currently only Meadows is open leaving it as the only option in Pennsylvania for Mosher to run his horses.

14.  Mosher also cannot work for other trainers at Meadows if the ejection is in place.

15.  This has left the owners and potential owners of Mosher's horses in an untenable position as they wish Mosher to enter their horses and race them in Pennsylvania but cannot as long as Mosher remains ejected.

16.  Revington, having denied the supersedeas, has the administrative duty to see to it that Mosher receives a rapid hearing and its result.

17.  However, the hearing has been scheduled for April 11, 2017.  In addition it generally takes two to four months after the hearing date for the Commission to issue a final order.  The hearing examiner must await production of the transcript, fashion a proposed decision and submit it to the Commission who will issue the final ruling at the next Commission meeting.  If briefing is required it could further delay the ruling by two months.

18.  Mosher's hearing is covered by Pennsylvania Act 7 and 3 Pa CS 9326.  Act 7 unites the Pennsylvania Thoroughbred Racing Commission and the Pennsylvania Standardbred Racing Commission into one single entity.  Thus ejection hearings in standardbred racing are now covered by the same hearing procedure as 58 Pa Code 165.231.

19.  Moreno v. Penn National, 904 F. Supp. 2d 414 (M.D. Pa 2012) found 58 Pa Code 165.231 unconstitutional as written and applied for not giving a rapid hearing in a matter where no supersedeas was in place.

20.  Since Moreno the Commission began to issue a supersedeas in almost all cases in order to bring its system up to Constitutional compliance.  Their hearing system is simply too slow to meet Constitutional standards in cases where no supersedeas is granted.

21.  However, recently the Commission has backslid to its old ways beginning a policy of granting hearings but denying a supersedeas.  But they have done nothing to see that the granted hearing occurs in a Constitutional timeframe.  Such willful violation of Due Process should shock the conscience of everyone.

22. An ejection or denial of access is devastating to a licensee and reflects negatively on his reputation. The intent of Pennsylvania Act 7 and 3 Pa CS 9326 is to give a timely hearing to a licensee who is being prevented from participating at the given track.

COUNT ONE – VIOLATION OF 42 U.S.C. Sec. 1983 BY REVINGTON

23. Paragraphs 1-22 are hereby incorporated by reference.

24. The subject ejection totally precludes Mosher's participation at Meadows rendering his valid license useless at that facility. In addition, other racing venues routinely give reciprocity to the ejections or denials of access by Meadows and other tracks.

25. In refusing to exercise his administrative responsibility to see to it that a rapid hearing and its result is rendered in the matter Revington has acted, and continues to act as a state actor under color of law.

26. The ejection taken against Plaintiff did not come as the result of the hearing which Plaintiff is entitled to under the Pennsylvania horse racing regulations. The Commission, through Revington's actions, has circumvented the due process which Plaintiff is entitled to before he is doomed to suffer grievous irreparable harm.

27. Defendant's permitting the ejection of Mosher without a subsequent supersedeas and without a rapid hearing and its ruling, amounts to an unauthorized limitation on Plaintiff's license, a function which by law can only be exercised by the Commission after a fair hearing and its result.

28. As the result of Revington's unjustified, unprivileged and unlawful acts toward Plaintiff Mosher has been deprived and continues to be deprived of his Constitutionally protected property interest in his trainer's license and his reliance on that

license to pursue his chosen profession.  These actions also deprive Plaintiff of his liberty right to pursue his chosen profession.

29.  Defendant's aforesaid unlawful conduct was knowing and intentional and done with malice.  Revington and the Commission are well aware of the Moreno decision and other case law which prove their hearing system to be unconstitutional.

30.  As a result of Defendant's aforesaid unlawful conduct Plaintiff is suffering and will continue to suffer irreparable harm.

WHEREFORE, Plaintiff requests judgment in his favor awarding:

    a.  Damages, including for hurting Plaintiff's business

    b.  Attorney's fees, interest and costs of suit.

    c.  Punitive Damages.

    d.  Such other relief as the court deems proper.

## COUNT TWO – DECLARATORY JUDGMENT

31.  Paragraphs 1-30 are hereby incorporated by reference.

32.  An actual case or controversy exists between Plaintiff and Defendant with regard to whether Defendant, acting under color of law, may lawfully allow the ejection of Plaintiff from Meadows without offering due process guaranteed to Plaintiff under the Pennsylvania racing regulations and the United States Constitution.

WHEREFORE, Plaintiff seeks a declaratory judgment in his favor pursuant to 28 U.S.C. 2201 et seq., and an order from the court declaring:

    a.   The hearing system for ejections as defined in 3 Pa CS 9326 and Pennsylvania Act 7 is unconstitutional as written and applied as it fails to guarantee the licensee a hearing and its result in a timely manner.

    b.   Awarding of attorney's fees

    c.   Such other relief as the court deems proper

Respectfully submitted,

/s/ Alan Pincus

Alan Pincus
447 Ridge Road
Grantville, PA 17028
(702) 286-4349
PA ID 61617
Kelso642000@yahoo.com

Dated: March 10, 2017

<u>VERIFICATION</u>

I verify that the statements in the foregoing document are correct to the best of my knowledge, information and belief.  I understand that false statements made herein are subject to the penalties relating to unsworn falsifications to authorities.

Date_____2-16-17_____                          _____

                                                                   MARC MOSHER

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on the following today by email:

Brett Revington
Jorge Augusto, Esq.
2301 North Cameron St.
Harrisburg, PA 17110
717-787-8744
Brevington@pa.gov
Jaugusto@pa.gov

Steven Toprani, Esq.
1900 Main St. – Suite 207
Canonsburg, PA 15317
412-243-1600
Stoprani@law-dmc.com

/s/ Alan Pincus
Alan Pincus
447 Ridge Road
Grantville, PA 17028
702-286-4349
PA ID 61617
Kelso642000@yahoo.com

Dated:  March 10, 2017